# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:25-cv-01132** |
| | § | **(Judge Julia K. Munley)** |
| **COREBRIDGE FINANCIAL, INC., d/b/a AMERICAN GENERAL LIFE** | § § § | |
| **Defendant.** | § § § | |

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant American General Life Insurance Company[1] files its Answer and Affirmative Defenses to Plaintiff Joseph Friel's Class Action Complaint as follows:

## Preliminary Statement

1.     American General admits only that the TCPA speaks for itself. The remaining allegations in Paragraph 1 consist of legal conclusions that require no response. To the extent a response is required, American General denies the

---

[1] Plaintiff purports to sue Corebridge Financial, Inc., d/b/a American General Life. But Corebridge Financial, Inc. does not do business as American General Life Insurance Company. Corebridge is a separate and distinct entity that is not an insurer, does not receive life insurance applications, does not issue life insurance, and would not have made any of the calls at issue. Corebridge Financial, Inc. is thus a misnomer, and this Answer is filed on behalf of the properly named party, American General Life Insurance Company.

remaining allegations in Paragraph 1.

2.    American General admits only that the TCPA speaks for itself. The remaining allegations in Paragraph 2 consist of legal conclusions that require no response. To the extent a response is required, American General denies the remaining allegations in Paragraph 2.

3.    American General admits only that Plaintiff filed this lawsuit. American General specifically denies that Corebridge Financial, Inc. does business as American General Life and that it sent Plaintiff any calls promoting any services. Corebridge Financial, Inc. is not an insurer and does not offer or solicit life insurance. American General otherwise denies the allegations in Paragraph 3.

4.    American General admits only that Plaintiff brings this action on behalf of a putative class. American General otherwise denies the allegations in Paragraph 4.

5.    Paragraph 5 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 5.

## Parties

6.    American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.    American General specifically denies that Corebridge Financial, Inc.

does business as American General Life and that it sent Plaintiff any calls promoting any services. Corebridge Financial, Inc. is not an insurer and does not offer or solicit life insurance. American General Life Insurance Company admits only that it is a life insurance company incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas. American General otherwise denies the remaining allegations in Paragraph 7.

## <u>Jurisdiction and Venue</u>

8.      American General admits only that the Court has original federal-question jurisdiction as defined under 28 U.S.C. § 1331. However, American General denies that the Court has subject matter jurisdiction over Plaintiff's claims because he lacks Article III standing.

9.      American General specifically denies that Corebridge Financial, Inc. sent any calls into this District and that it sells life insurance. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance, and would not have made any of the calls at issue. American General further denies that the Court has general or specific jurisdiction over it. American General is a Texas corporation with its principal place of business in Houston, Texas, so there cannot be general jurisdiction over it in Pennsylvania. American General further denies that there can be specific personal jurisdiction over it because it did not send any calls to Plaintiff. American General otherwise denies the allegations in Paragraph 9.

3

10.    American General specifically denies that Corebridge Financial, Inc. sent any calls into this District and that it sells life insurance. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance, and would not have made any of the calls at issue. American General further denies that venue is proper in this District because American General did not send any calls to Plaintiff in this District. American General otherwise denies the allegations in Paragraph 10.

## The Telephone Consumer Protection Act

11.    American General admits only that the TCPA speaks for itself. The remaining allegations in Paragraph 11 consist of legal conclusions that require no response. To the extent a response is required, American General denies the remaining allegations in Paragraph 11.

The National Do Not Call Registry

12.    American General admits only that the TCPA and regulations speak for themselves. The remaining allegations in Paragraph 12 consist of legal conclusions that require no response. To the extent a response is required, American General denies the remaining allegations in Paragraph 12.

13.    American General admits only that the TCPA and regulations speak for themselves. The remaining allegations in Paragraph 13 consist of legal conclusions that require no response. To the extent a response is required, American General denies the remaining allegations in Paragraph 13.

14.    American General admits only that the TCPA and regulations speak for themselves. The remaining allegations in Paragraph 14 consist of legal conclusions that require no response. To the extent a response is required, American General denies the remaining allegations in Paragraph 14.

## **Factual Allegations**

15.    American General specifically denies that Corebridge Financial, Inc. is an insurance provider and that it has "various offerings, including life insurance policies." Corebridge Financial, Inc. is not an insurer and does not offer or solicit life insurance. American General Life Insurance Company admits only that it is a life insurer that offers various life insurance products. American General otherwise denies the remaining allegations in Paragraph 15.

16.    American General specifically denies that Corebridge Financial, Inc. does business as American General. Corebridge is a separate and distinct entity that is not an insurer, does not receive life insurance applications, does not issue life insurance, and would not have made any of the calls at issue. American General admits that it uses its name in marketing. American General otherwise denies the remaining allegations in Paragraph 16.

17.    American General specifically denies that Corebridge Financial, Inc. makes any telemarketing calls and that it would have made any such calls to Plaintiff. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance,

and would not have made any of the calls at issue. American General otherwise denies the allegations in Paragraph 17.

18.    American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.    American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.    American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.    American General specifically denies that Corebridge Financial, Inc. does business as American General. Corebridge is a separate and distinct entity that is not an insurer, does not receive life insurance applications, does not issue life insurance, would not have made any of the calls at issue, and would not have any relationship with Plaintiff. American General otherwise denies the allegations in Paragraph 21.

22.    American General specifically denies that Corebridge Financial, Inc. makes any telemarketing calls and that it would have made any such calls to Plaintiff. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance, and would not have made any of the calls at issue. American General otherwise denies the allegations in Paragraph 22.

23.    American General lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.     American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     American General lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     American General specifically denies that Corebridge Financial, Inc. makes any telemarketing calls and that it would have made any such calls to Plaintiff. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance, and would not have made any of the calls at issue. American General otherwise denies the allegations in Paragraph 26.

27.     American General specifically denies that Corebridge Financial, Inc. makes any telemarketing calls and that it would have made any such calls to Plaintiff. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance, and would not have made any of the calls at issue. American General admits only that it is a life insurance company. American General otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     American General specifically denies that Corebridge Financial, Inc. makes any telemarketing calls and that it would have made any such calls to Plaintiff. Corebridge Financial, Inc. is not an insurer, does not offer or solicit life insurance,

and would not have made any of the calls at issue. American General admits that it received an application from Joseph Friel. American General otherwise denies the allegations in Paragraph 28.

29.    American General denies the allegations in Paragraph 29.

30.    American General denies the allegations in Paragraph 30.

31.    American General denies the allegations in Paragraph 31.

32.    American General denies the allegations in Paragraph 32.

33.    American General denies the allegations in Paragraph 33.

34.    American General denies the allegations in Paragraph 34.

## Class Action Statement

35.    American General repeats and re-alleges its responses to the preceding paragraphs by reference herein.

36.    Paragraph 36 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 36.

37.    Paragraph 37 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 37.

38.    Paragraph 38 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in

Paragraph 38.

39.    Paragraph 39 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 39.

40.    Paragraph 40 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 40.

41.    Paragraph 41 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 41.

42.    Paragraph 42 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 42.

43.    Paragraph 43 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 43.

44.    Paragraph 44 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 44.

45.    Paragraph 45 consists of legal conclusions that require no response. To

the extent a response is required, American General denies the allegations in Paragraph 45.

46.     Paragraph 46 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 46.

47.     Paragraph 47 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 47.

a.     Paragraph 47a consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 47a.

b.     Paragraph 47b consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 47b.

c.     Paragraph 47c consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 47c.

48.     Paragraph 48 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 48.

49.    Paragraph 49 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 49.

50.    Paragraph 50 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 50.

51.    Paragraph 51 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 51.

52.    Paragraph 52 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 52.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

53.    American General repeats and re-alleges its responses to the preceding paragraphs by reference herein.

54.    Paragraph 54 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 54.

11

55.    Paragraph 55 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 55.

56.    Paragraph 56 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 56.

57.    Paragraph 57 consists of legal conclusions that require no response. To the extent a response is required, American General denies the allegations in Paragraph 57.

## PRAYER FOR RELIEF

American General denies that Plaintiff or the putative class are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred, in whole or in part, because he consented to receive any calls allegedly placed on behalf of American General.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

3.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damage.

4.    Plaintiff's claims are barred because Plaintiff lacks Article III standing.

12

5.    Plaintiff's claims are barred, in whole or in part, by the defenses provided by statute under the TCPA, 47 U.S.C. § 227, *et seq.*

6.    Plaintiff's claims are barred, in whole or in part, because his cellular telephone number is not residential.

7.    Plaintiff's claims are barred, in whole or in part, because the Court does not have personal jurisdiction over American General in relation to his claims.

8.    Plaintiff's claims are barred or limited because the alleged damages or injuries to Plaintiff, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which American General had and has no control, and/or by the acts or omissions of Plaintiff.

9.    Plaintiff's claims are limited to the extent that Plaintiff failed to mitigate his alleged damages.

10.    American General gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this action, and it reserves the right to amend this Answer to assert any such defense.

DATE: August 25, 2025                    Respectfully submitted,

                                              By: /s/ *Jason A. Richardson*
                                                Jason A. Richardson (330118)
                                                William B. Thomas*
                                                Texas State Bar No. 24083965
                                                David L. Villarreal
                                                Texas Bar No. 24095434*

13

McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
jason.richardson@mhllp.com
william.thomas@mhllp.com
david.villarreal@mhllp.com

*Pro hac vice applications
forthcoming

ATTORNEYS FOR DEFENDANT
AMERICAN GENERAL LIFE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 25th day of August, 2025 via CM/ECF on all counsel of record.

/s/ *Jason A. Richardson*
Jason A. Richardson

14