PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
  Attorneys for Plaintiff

Jason A. Richardson (330118)
William B. Thomas (Admitted *pro hac vice*)
Texas State Bar No. 24083965
David L. Villarreal (Admitted *pro hac vice*)
Texas Bar No. 24095434*
McDowell Hetherington LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
jason.richardson@mhllp.com
william.thomas@mhllp.com
david.villarreal@mhllp.com

  Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 3:25-cv-01132-JKM |
| Plaintiff | : : : | Judge: Hon. Julia K. Munley |
| vs. | : : : | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | : : : | |
| Defendant. | : | |

1

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.1 **Separately for each party, please give a statement summarizing this case:**

    **By Plaintiff(s):**

Plaintiff Joseph Friel alleges that Defendant Corebridge Financial, Inc., doing business as American General Life ("Defendant"), engaged in unlawful telemarketing practices in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Specifically, Plaintiff alleges that his residential telephone number has been listed on the National Do Not Call Registry since 2011, yet Defendant initiated or caused to be initiated at least eleven unsolicited telemarketing calls to his number in May 2025. These calls promoted Defendant's life insurance products and followed a standardized sales script concerning "low-cost final expense plans." Plaintiff asserts that his number was called using "spoofed" caller IDs, without his prior express written consent, and that one such call led to a transfer to an agent ("Claudia"), who attempted to finalize a policy on behalf of Defendant. Plaintiff contends these practices demonstrate a pattern of unlawful telemarketing

calls and seeks to represent a nationwide class of similarly situated consumers.

**By Defendant(s):**

Corebridge Financial, Inc. does not do business as American General Life Insurance Company. Corebridge is a separate and distinct entity that is not an insurer, does not receive life insurance applications, does not issue life insurance, and would not have made any of the calls at issue. American General is the proper party but denies that it made any of the calls at issue. Thus, the Court lacks personal jurisdiction and subject matter jurisdiction over American General regarding Plaintiff's claims. To the extent Corebridge Financial, Inc. is listed as a separate party, the Court likewise lacks personal jurisdiction and subject matter jurisdiction over it regarding Plaintiff's claims.

    1.2    **The facts the parties dispute are as follows:**

- Whether Defendant, directly or indirectly, initiated or caused the alleged telemarketing calls.
- Whether Defendant's conduct violated the TCPA.
- Whether Plaintiff can meet the burdens of Rule 23.
- Whether Plaintiff received any calls by or on behalf of American General.
- Whether Plaintiff called to inquire about insurance products.

    **agree upon are as follows:**

- This action is brought as a putative class action under Fed. R. Civ. P. 23.

1.3 **The legal issues the parties <u>dispute</u> are as follows:**

- Whether Defendant's conduct violated the TCPA.
- Whether the Court has personal jurisdiction over American General and/or Corebridge.
- Whether Plaintiff has Article III Standing.
- Whether Plaintiff's claims fail as a matter of law.
- Whether class certification is appropriate under Rule 23(b)(2) or 23(b)(3).
- Whether damages are available on a classwide basis.

**agree upon are as follows:**

The case arises under the TCPA and is subject to this Court's federal question jurisdiction.

1.4 **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

American General denies that the Court has personal jurisdiction over it.

While American General does not contest that this Court has federal-question jurisdiction over Plaintiff's TCPA claims, American General denies that the Court has subject matter jurisdiction over Plaintiff's claims because he lacks Article III standing.

1.5 **Identify any named parties that have not yet been served:**

None.

1.6 **Identify any additional parties that:**

4

  **plaintiff(s) intends to join:**

 None, although the Plaintiff may re-evaluate that position if discovery reveals that a third party physically dialed the call.

  **defendant(s) intends to join:**

None at this time.

  1.7 **Identify any additional claims that:**

  **plaintiff(s) intends to add:**

 None.

  **defendant(s) intends to add:**

 None at this time.

2. **Disclosures**

 American General objects that any discovery, including initial disclosures, is not appropriate in this action because the Court may lack personal jurisdiction and subject matter jurisdiction over Plaintiff's claims against American General and/or Corebridge.

  2.1 **Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

 None at this time.

3. **Early Motions**

 **Identify any motion(s) whose early resolution would <u>likely</u> have a significant**

**effect either on the scope of discovery or other aspects of the litigation:**

After sufficient discovery, the Plaintiff intends to file a motion for class certification.

American General reserves the right to file an appropriate motion challenging the Court's personal jurisdiction and subject-matter jurisdiction over Plaintiff's claim. Such a motion would be dispositive or at the very least could significantly alter the scope of discovery.

**4.0    Discovery**

    **4.1    Briefly describe any discovery that has been completed or is in progress:**

        **By plaintiff(s):**

Plaintiff has served discovery on Defendant. Plaintiff has commenced discovery following the 26(f) conference by serving interrogatories and document requests on Defendant.

        **By defendant(s):**

American General objects that any discovery, including initial disclosures, is not appropriate in this action because the Court may lack personal jurisdiction and subject matter jurisdiction over Plaintiff's claims against American General.

    **4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to**

the kinds of contracts in this case"):

As described herein, American General objects to conducting discovery until the Court rules on its forthcoming motion challenging the Court's personal and subject matter jurisdiction. Assuming discovery proceeds, the parties agree that they will conduct depositions and written discovery, which will include discovery related to the propriety of class certification.

    4.3    **Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which</u> <u>another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Plaintiff intends to serve written discovery and seek American General's deposition related to the propriety of class certification. American General objects that discovery is inappropriate at this time because the Court may lack subject matter and personal jurisdiction over Plaintiff's claims.

    4.4    **Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

American General respectfully requests that the Court stay discovery until the Court rules on its forthcoming motion challenging the Court's personal jurisdiction and subject matter jurisdiction over Plaintiff's claims against American General.

    4.5    **For each of the following discovery tools, <u>recommend the per-party or per-side</u> <u>limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by**

**defendant(s)):**

Plaintiff proposes the following limitations:

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s):<u>7</u>        defendant(s):<u>   7</u>

    4.5.2 interrogatories to be served by:

        plaintiff(s):<u>25</u>        defendant(s): <u>25</u>

    4.5.3 document production requests to be served by:

        plaintiff(s):<u>   30</u>        defendant(s): <u>30</u>

    4.5.4 requests for admission to be served by:

        plaintiff(s):<u>   20</u>        defendant(s): <u>20</u>

American General respectfully requests that the Court stay discovery until the Court rules on its forthcoming motion challenging the Court's personal jurisdiction and subject matter jurisdiction over Plaintiff's claims against American General.

    **4.6   Discovery of Electronically Stored Information**

        X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

        ☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about

how those matters will be addressed in discovery with the following exceptions:

**5.0 Protective Order**

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below.

The parties do not dispute entry of a protective order. Assuming discovery proceeds, the parties will promptly submit a protective order for the Court's review.

**6.0 Scheduling**

Plaintiff proposes the following schedule:

6.1 **Final date for joining additional parties:**

December 2, 2025    Plaintiff(s)
December 2, 2025    Defendant(s)

6.2 **Final date for amending pleadings:**

December 2, 2025    Plaintiff(s)
December 2, 2025    Defendant(s)

6.3 **All fact discovery commenced in time to be completed by:**

March 20, 2026

6.4 **All potentially dispositive motions motion should be should be filed by:**

June 22, 2026

9

**6.5** **Reports from retained experts due:**

from plaintiff(s) by <u>April 10, 2026</u>

from defendant(s) by <u>May 1, 2026</u>

**6.6** **Supplementations due <u>May 15, 2026</u>**

All expert discovery commenced in time to be completed by <u>June 1, 2026.</u>

**6.7** **This case may be appropriate for trial in approximately:**

\_\_\_ 240 Days from the filing of the action in this court

\_\_\_ 365 Days from the filing of this report.

<u>500</u>  Days from the filing of this report.

**6.8** **Suggested Date for the final Pretrial Conference:**

<u>December 2026</u>  (month/year)

**6.9** **Trial**

6.9.1 **Suggested Date for Trial:**

<u>December 2026</u>   (month/year)

American General respectfully requests that the Court stay discovery until the Court rules on its forthcoming motion challenging the Court's personal jurisdiction

and subject matter jurisdiction over Plaintiff's claims against American General. American General proposes that the parties confer on a joint scheduling order, if necessary, once the Court rules on American General's motion.

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name

Joseph Friel

Title

Plaintiff

Mr. Friel can be contacted through Plaintiff's counsel.

Name

Kelsey A. Copeland

Title

Associate General Counsel

American General may be contacted through its counsel.

**8.0   Alternative Dispute Resolution ("ADR")**

    8.1   **Identify any ADR procedure to which this case already has been**

11

**assigned or which the parties have agreed to use.**

Assuming this case proceeds, the parties agree that mediation may be appropriate after the close of discovery.

    8.2    **If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    8.3    **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.

All parties agree to jurisdiction by a magistrate judge of this court: ____ Y   _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ____ Scranton/Wilkes-Barre
    ____ Harrisburg
    ____ Williamsport

**10.0 Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

The parties suggest that discovery be stayed until the Court rules on American General's potential challenge to the Court's personal jurisdiction and subject matter

jurisdiction over Plaintiff's claims against American General.

**11.0 Identification of Counsel**

    Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

    Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:      */s/ Anthony I. Paronich*
                  Attorney(s) for Plaintiff(s)

         X      ECF User(s)
         __     Waiver requested (as separate document)
         __     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:      */s/William B. Thomas*
                  Attorney(s) for Defendant(s)

         X      ECF User(s)
         __     Waiver requested (as separate document)
         X      Fed.R.Civ.P.7.1 (statement filed if necessary)*