IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 3:25-cv-1132<br>§ Judge Munley<br>§<br>§<br>§<br>§<br>§<br>§ |

## AGREED PROTECTIVE ORDER

**Proceedings and Information Governed**

1.  This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2.  For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of trade secrets, proprietary business information, or information implicating an individual's legitimate expectation of privacy. Confidential Information does not include, and this Protective Order does not apply to, information that is

already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Each party or nonparty that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must, to the extent practicable, designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after the date of the final transcript of the deposition is sent to the party

to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the conference required under LR 7.1, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in

full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Data Security**

6.  The receiving party must take reasonable precautions to protect Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to: (a) material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Confidential Information under this Order; (b) an audit trail of use and access to litigation support site(s) shall be maintained while this litigation, including any appeals, is pending; (c) any Confidential Information downloaded from the litigation support site(s) in electronic format shall be stored only on encrypted device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected with access limited to authorized reviewer(s) and, if the user is unable to password protect and/or encrypt the device, then the Confidential Information shall be password protected and/or encrypted at the file level; and (d) derivations of Confidential Information, including any lists, memorandum, indices or compilations prepared or based on an examination of this material, that quote from or paraphrase such Confidential Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Confidential Information.

**Disclosure and Use of Confidential Information**

7.  Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information may not be used under any circumstances for any other purpose.

8. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

9. Further, prior to disclosing Confidential Information to a receiving party's proposed expert or consultant and their employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6) and/or Fed. R. Civ. P. 45;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

12. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Protective Order Governing Confidential Information" that is attached hereto as Exhibit B. Nothing in these provisions should be construed as limiting any producing party's rights to seek remedies for a violation of this Protective Order.

13. If a receiving party discovers that an unauthorized person or persons has accessed or obtained Confidential Information, the receiving party shall: (a) provide written notice to producing party of such breach within three (3) business days of receiving party's discovery of the breach; (b) investigate and remediate the effects of the breach, and provide producing party with assurance reasonably satisfactory to producing party that such breach shall not recur; and (c) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the producing party sufficient prior notice in order to contest such request, requirement, or order through legal means. The receiving party agrees to provide reasonable cooperation to the producing party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment. If the unauthorized access or disclosure of the Confidential Information requires notice to individuals, organizations, or regulators under applicable law, then the receiving party shall follow the reasonable instructions of the producing party regarding such notice at their own cost.

**Use of Confidential Information in AI Tools**

14. Confidential information can only be used in an artificial intelligence tool ("AI Tool") that a receiving party first confirms in writing to the producing party (a) restricts receipt and access of Confidential Information to a receiving party and authorized reviewers under this Protective Order; and (b) either (1) does not retain the Confidential Information such that it is available to any developers, providers or operators of the AI Tool in any form or manner, whether

7

as stored data or changes to code or algorithmic learning or otherwise, or (2) in the event of any such data retention, the AI Tool is used by or on behalf of the receiving party solely in connection with this action and is decommissioned and all Confidential Information securely and permanently erased, following conclusion of the action; and either (c) the AI Tool is "stateless," meaning that neither the tool nor any system containing the tool will be modified, improved, or changed following use of the AI Tool with Confidential Information such that the AI Tool will neither retain nor store Confidential Information in raw form or through any tokenization, embedding, or through any other method, or (d) if the AI Tool is not stateless, the AI Tool shall be: (1) only available to the receiving party or authorized reviewers under this Protective Order and only for the limited purpose set forth in this Order and (2) upon the conclusion of permitted processing under this Protective Order, either permanently reset to a default state that existed prior to the receipt of Confidential Information or securely deleted in its entirety.

15. The receiving party must also make reasonably sure it can delete all Confidential Information, and any information derived therefrom, from the AI Tool upon termination of this action—as the receiving party's certification of compliance with the Conclusion of Litigation requirements in this Order shall also certify the destruction of all Confidential Information submitted into any AI Tool. Confidential Information shall not, under any circumstances, be used in or with any AI Tool (e.g., ChatGPT) or any other substantially similar tool, model, software, or application that does not comply with the above requirements; and any such use that does not comply is unauthorized and strictly prohibited.

**Nonparty Information**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire

confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court**

17. If any party wishes to submit Confidential Information to the court, the submission must be filed only under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this action and a notice in the following form:

> **CONFIDENTIAL INFORMATION**
> **[caption]**
> **This envelope, which is being filed under seal,**
> **contains documents that are subject to a Protective**
> **Order governing the use of confidential discovery material.**

**No Prejudice**

18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation**

19. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an

obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

20. Unless otherwise ordered or agreed in writing by the producing party, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each receiving party, including outside counsel for each receiving party, will destroy all Confidential Information used in connection with any AI Tool permitted by this Protective Order, or included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. This destruction obligation includes all files on USB memory devices used while inspecting the producing party's source code. Within sixty (60) days of the date of settlement or final judgment, each receiving party shall serve the producing party with a certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Confidential Information or derivation thereof that remains on back-up tapes and other disaster storage media of an authorized reviewer(s), neither the authorized reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to producing party or such shorter period as required by court order, subpoena, or applicable law.

**Other Proceedings**

21. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

22. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

23. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

ORDERED on this _____ day of _____, 2025.

_____
Hon. Julia K. Munley
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FRIEL, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:25-cv-1132 |
| v. | § § | Judge Munley |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## CONFIDENTIALITY AGREEMENT FOR
## <u>EXPERT OR CONSULTANT</u>

I hereby affirm that:

Information, including documents and things, designated as Confidential Information as defined in the Protective Order entered in the above-captioned action Protective Order is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH FRIEL, on behalf of herself and all others similarly situated,** § § § | |
| **Plaintiff,** § § | |
| § | **Civil Action No. 3:25-cv-1132** |
| v. § | **Judge Munley** |
| § | |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** § § § | |
| § | |
| **Defendant.** § | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE
ORDER GOVERNING CONFIDENTIAL INFORMATION**

I hereby affirm that:

Information, including documents and things, designated as Confidential Information as defined in the Protective Order entered in the above-captioned action Protective Order is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

4

_____
Signed

_____
Printed Name

_____
Date