## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:25-cv-01132 (Judge Julia K. Munley)** |
| | § | |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,[1]** | § § § | |
| **Defendant.** | § § | |

### DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S BRIEF IN SUPPORT OF JURISDICTIONAL MOTION

### I.    INTRODUCTION

Plaintiff Joseph Friel filed a class action complaint alleging that he received calls from Corebridge Financial, Inc., doing business as American General Life Insurance Company, soliciting final expense insurance despite his phone number being listed on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act (TCPA). Mr. Friel's entire premise is wrong: Corebridge is a separate and distinct legal entity that does not do business as American General, is not an insurer, does not issue life insurance, and does not conduct telemarketing,

---

[1] Mr. Friel purportedly sued Corebridge Financial, Inc. d/b/a American General Life. As explained in American General's Answer (Dkt. No. 7) and shown herein, Corebridge is a distinct entity that is not an insurer and would not have made any of the calls at issue. Thus, Corebridge is not a proper party to this suit.

so it is not a proper party. American General is a life insurer that processed an application from Plaintiff, but it never called him.

Recognizing as much, Mr. Friel alleges that the calls were made by "an agent calling on behalf of the Defendant." Not so. Elidia Rodriguez Delgado, the only American General life insurance producer who had any contact with Mr. Friel, has provided call logs, lead information, and a sworn declaration showing that she did not call Mr. Friel; rather, *he called Ms. Delgado's office*. Indeed, Mr. Friel called to inquire about a life insurance policy, and Ms. Delgado submitted an application for life insurance on his behalf as he requested.

Because the evidence shows that Mr. Friel did not receive any telemarketing calls from American General or its independent producer, he lacks an injury in fact necessary to support standing. While Mr. Friel may have received calls from someone, he cannot establish but-for causation linking American General to any such calls, and therefore cannot demonstrate the traceability required for standing. For the same reason, Mr. Friel cannot show that American General or its independent producer made calls into this District, and thus he cannot establish a connection among American General, this forum, and this dispute sufficient to support specific jurisdiction.

For these reasons, the Court lacks subject-matter and personal jurisdiction over Mr. Friel's claims and should dismiss this suit.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff allegedly received calls soliciting life insurance.

Mr. Friel alleges that, in May 2025, he received about 12 calls soliciting life insurance on behalf of Corebridge, doing business as "American General," from various phone numbers including 610-468-5449, 610-810-4018, and 610-540-0532. Complaint ¶¶ 15-16, 22-27, Dkt. No. 1. According to Mr. Friel, on May 15, 2025, he received a call from 610-540-0532 during which a person named "Claudia" solicited and initiated a life insurance policy for him. *See id.* ¶ 27. Mr. Friel alleges that he "has never been a customer of any Defendant nor asked or inquired to be a customer of any of the Defendant [sic]." *Id.* ¶ 21.

### B.    Neither Corebridge nor American General called Plaintiff.

Mr. Friel's allegations do not match the facts. As an initial matter, "Corebridge is a holding company and is a legal entity separate and apart from its subsidiaries, including American General." Ex. 1, Speigel Decl. ¶ 4. Corebridge "is not an insurer and does not sell life insurance." *Id.* ¶ 5. Given its role as a holding company, Corebridge does not "engage in any telemarketing or outbound calls to potential life insurance customers[.]" *Id.* In other words, Corebridge "could not have made any calls to Plaintiff Joseph Friel," nor did Corebridge "engage or authorize any third party to make telemarketing calls on its behalf to Mr. Friel." *Id.* ¶¶ 5-6.

American General, on the other hand, "is a licensed insurer that issues life

insurance." *Id.* ¶ 8. It too "does not have any records that it sent any telemarketing calls to Mr. Friel." *Id.* ¶ 9. American General, however, does have records that Mr. Friel submitted a life insurance application to it that would have resulted in issuance of Policy No. 7250080344 (the "Policy"). *Id.* ¶ 10. Before the Policy could be issued, the application was withdrawn and the Policy was marked as "not taken." *Id.* "Prior to application for the Policy, American General did not call Mr. Friel, nor did it engage or authorize any third party to make telemarketing calls on its behalf to Mr. Friel without his prior express consent." *Id.* ¶ 12.

## C.    American General producers must comply with the TCPA.

Tacitly conceding that neither Corebridge nor American General called him, Mr. Friel alleges that "[i]n each of the calls, Plaintiff spoke with an agent calling on behalf of the Defendant." Compl. ¶ 26. "The application lists Elidia Rodriguez Delgado as the producer who submitted the application on Mr. Friel's behalf." Speigel Decl. ¶ 13.

Ms. Delgado is an American General independent producer and contractor who operates through an agency under a contract. Speigel Decl. ¶ 14 ("Independent Contractor. Agency and Agents are independent contractors for the Insurer or Distributor."). Independent producers such as Ms. Delgado acting on American General's behalf must comply with all "Applicable Rules," which includes "compliance with all applicable state and federal laws[.]" *Id.* ("Agency is

responsible for ensuring that Agents . . . comply with Applicable Rules[.]"); *see also id.* ("By executing this Agreement each Party represents that it is in compliance and will remain in compliance with all applicable state and federal laws.").

This includes compliance with the TCPA. *See id.* Indeed, the Producer Sales Practices Manual that American General makes available to its independent producers provides that "producers who choose to solicit American General products 'via telephone, text message, or facsimile' . . . 'must adhere to the Telephone Consumer Protection Act of 1991 (TCPA) and federal and state Telemarketer Registration and Do Not Call (DNC) requirements.'" *Id.* ¶ 15. "The Producer Sales Practices Manual further reminds producers they 'must also comply with all federal and state Do Not Call (DNC) requirements[.]'" *Id.* American General also occasionally sends out bulletins on various topics including about telemarketing practices. *See id.* ¶ 16.

## D.    Plaintiff made the call to the only American General producer at issue.

But according to Ms. Delgado, she never made any outbound calls to Mr. Friel. Ms. Delgado is "an independent life insurance producer who works with various life insurers including American General Life Insurance Company." Ex. 2, Delgado Decl. ¶ 2. "On May 12, 2025, [she] received three calls from Joseph Friel at 610-304-0685[.]" *Id.* ¶ 3. This is shown on inbound call logs relating to calls from Mr. Friel to Ms. Delgado's office:

| Direction | From | To | Start Time | Event | Call Result | Recorded | Voicemail | Duration | |
|---|---|---|---|---|---|---|---|---|---|
| Inbound | (610) 304-0685 FRIEL, JOSEPH | (210) 401-2221 Main Auto Receptionist Ext.801 | May 12, 2025, 11:30:14 PM | Incoming | Accepted | -- | -- | 00:10:38 | Call Path |
| Inbound | (610) 304-0685 FRIEL, JOSEPH | (210) 401-2221 Main Auto Receptionist Ext.801 | May 12, 2025, 11:28:39 PM | Incoming | Accepted | -- | -- | 00:00:01 | Call Path |
| Inbound | (610) 304-0685 FRIEL, JOSEPH | (210) 401-2221 Main Auto Receptionist Ext.801 | May 12, 2025, 11:27:04 PM | Incoming | Accepted | -- | -- | 00:00:01 | Call Path |

*Id.*; Ex. 3, Inbound Call Log.

While the first two calls went unanswered, the third one was answered by a receptionist and transferred to Ms. Delgado. Delgado Decl. ¶ 4. "During the call, Mr. Friel stated that he saw an advertisement on Facebook and was interested in a life insurance policy." *Id.* ¶ 5. He then provided numerous personal details including "his first name, last name, date of birth, social security number, phone number, gender, height, weight, address, and email address" along with dependent information. *See id.* ¶ 6. This information is reflected in lead information for Mr. Friel. *Id.*; Ex. 4, Lead Information. Based on Mr. Friel's request, Ms. Delgado submitted an application to American General on his behalf for the Policy. Delgado Decl. ¶ 8.

Ms. Delgado maintains she "did not send any telemarketing calls to Mr. Friel prior to his calls on May 12, 2025." *Id.* ¶ 10. She reviewed outbound calls for the entire month of May 2025 and had no calls to Mr. Friel's phone number. *See id.* Ms. Delgado further swears she "did not engage or authorize any third party to make telemarketing calls to Mr. Friel." *Id.* ¶ 11. "Nor did [she] authorize any third party to transfer any call from Mr. Friel to [her]." *Id.*

6

Ms. Delgado further swears she "does not own and is not associated with any of [the] phone numbers" that allegedly called Mr. Friel. *See id.* ¶ 12. She did not call Mr. Friel from any of those phone numbers, nor is she named or goes by the "Claudia" who allegedly spoke with Mr. Friel. *See id.* ¶¶ 12-13.

### III.    PROCEDURAL BACKGROUND

On June 23, 2025, Plaintiff Joseph Friel filed a Class Action Complaint against Defendant Corebridge Financial, Inc., d/b/a American General Life. Complaint, Dkt. No. 1. American General, the only properly named party, filed an Answer and asserted various defenses including that Mr. Friel "lacks Article III standing" and "the Court does not have personal jurisdiction over American General in relation to his claims." Answer, Affirmative Defenses ¶¶ 4, 7, Dkt. No. 7. In the parties' Joint Case Management Plan, American General reiterated that "the Court lacks personal jurisdiction and subject-matter jurisdiction over American General regarding Plaintiff's claim." Joint Case Management Plan at 3, Dkt. No. 15.

At the September 17, 2025 Case Management Conference, the Court ordered that the parties conduct limited "Jurisdictional Discovery" through December 17, 2025, American General's Jurisdictional Motion and Briefs in Support must be filed by January 16, 2026, and any opposition must be filed by January 30, 2026. *See* Dkt. No. 16. American General now files its Jurisdictional Motion seeking dismissal of Mr. Friel's claims for lack of subject-matter and personal jurisdiction.

## IV.    LEGAL STANDARD

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'case' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) (quoting U.S. Const. art. III, § 2). To establish standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted). "Standing is one of the justiciability doctrines rooted in the case-or-controversy provision and affects the subject-matter jurisdiction of the court by limiting who can pursue their claims in federal court." *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 307 F. Supp. 3d 402, 411 (W.D. Pa. 2018) (citations omitted).

Where, as here, the defendant relies on "evidence outside the pleadings," it raises a "factual attack" and "no presumptive truthfulness attaches to [a] plaintiff's allegations[.]" *Davis v. Hanna Holdings, Inc.*, 771 F. Supp. 3d 552, 565 (E.D. Pa. 2025) (citations and internal quotation marks omitted). And on this factual challenge, "the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (quoting *FOCUS v. Allegheny*

8

*Cnty. Ct. of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996)).

"Due process shields persons from the judgments of a forum with which they have established no substantial ties or relationship." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). "A nexus between the defendant, the forum and the litigation is the essential foundation of *in personam* jurisdiction." *Id.* "There are two types of personal jurisdiction over non-resident defendants: general and specific." *Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-CV-00437, 2019 WL 13551036, at *3 (M.D. Pa. Dec. 6, 2019), *report and recommendation adopted*, 2019 WL 13551035 (M.D. Pa. Dec. 23, 2019) (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007)). Because Mr. Friel does not allege general jurisdiction here, Compl. ¶ 9, only specific jurisdiction is at issue.[2] "'[S]pecific jurisdiction exists when the claim arises from or relates to [a defendant's] conduct purposely directed at the forum state.'" *Kline*, 2019 WL 13551036, at *4 (quoting *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007)). Among other things, "the litigation must 'arise out of or relate to' at least one of those activities." *Id.*

"Once challenged, the plaintiff bears the burden of establishing personal

---

[2] In any case, because Corebridge and American General are Delaware and Texas corporations, respectively, with their principal places of business in Houston, Texas, they cannot be subject to general jurisdiction in Pennsylvania. Speigel Decl. ¶¶ 4, 7; *Cox v. Foster Wheeler, LLC*, No. CV 24-305, 2025 WL 2146834, at *2 (E.D. Pa. July 29, 2025) ("General jurisdiction is not an issue here as Watts Technologies is incorporated in Delaware with its principal place of business in Massachusetts.").

jurisdiction." *O'Connor*, 496 F.3d at 316. "If . . . the plaintiff's 'allegations are contradicted by an opposing affidavit,'" as here, "the plaintiff 'must present similar evidence in support of personal jurisdiction.'" *See Kline*, 2019 WL 13551036, at *3 (quoting *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 381–382 (M.D. Pa. 2009)). "[G]eneral averments in an unverified complaint or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts." *See id.* (quoting *Harris v. Trans Union, LLC*, 197 F. Supp. 2d 200, 203 (E.D. Pa. 2002)).

## V.  ARGUMENT

This Motion addresses two questions. Does the Court have (1) subject-matter jurisdiction and (2) personal jurisdiction over Mr. Friel's claims? Because Mr. Friel cannot show that American General[3] or its independent producer Ms. Delgado[4] sent him any telemarketing calls, the Court lacks subject-matter and personal jurisdiction.

### A.    Mr. Friel lacks Article III standing.

Mr. Friel lacks Article III standing because the evidence shows that neither

---

[3] Because Corebridge "is not an insurer," "does not sell life insurance," and "does not engage in any telemarketing or outbound calls," it is not a proper party and should be dismissed to the extent it was ever properly joined. *See* Speigel Decl. ¶¶ 4-6.

[4] American General maintains that Ms. Delgado is an independent contractor that is not its agent as a matter of law. Even assuming that Ms. Delgado is an agent for purposes of this Motion, Mr. Friel lacks Article III standing and personal jurisdiction because Corebridge, American General, and Ms. Delgado did not send him any telemarketing calls.

American General nor its independent producer Ms. Delgado called him. To the contrary, Mr. Friel called Ms. Delgado's office to inquire about the Policy. Thus, Mr. Friel lacks standing because he cannot show (1) an injury in fact (2) that is traceable to American General.

First, Mr. Friel lacks an injury in fact because the evidence shows he did not receive a call from American General or its independent producer.[5] "[T]o establish [an] injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Cmty. Vocational*, 307 F. Supp. 3d at 415 (quoting *Spokeo*, 578 U.S. at 339). Here, there is no evidence that American General called Mr. Friel. To the contrary, "it does not have any records that it sent any telemarketing calls to Mr. Friel." Speigel Decl. ¶ 9. Likewise, the only American General independent producer that had any contact with Mr. Friel was Ms. Delgado. But Mr. Friel called her, not the other way around. *See* Delgado Decl. ¶¶ 3-4, 10-11. Thus, Mr. Friel lacks "sufficient evidence demonstrating that [his] telephone line was in fact [called] in violation of the TCPA" and could not have "sustaine[d] a concrete injury." *Cmty. Vocational*, 307 F. Supp. 3d at 418. "[B]ecause [Mr. Friel] cannot show that [he] was sent or received a TCPA violative [call], [he] also cannot

---

[5] For this same reason, the Court would lack subject-matter jurisdiction over any claims against Corebridge. *See* Speigel Decl. ¶¶ 5-6.

show that [he] sustained a particularized injury." *See id.*

Second, Mr. Friel cannot show that the alleged calls are traceable to American General. "Traceability means that the injury was caused by the challenged action of the defendant as opposed to an independent action of a third party." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 158 (3d Cir. 2022). In other words, Mr. Friel must show "but-for causation" connecting American General to the alleged calls. *See id.* He cannot do so. Again, the evidence shows that neither American General nor its independent producer made the calls at issue. *See* Speigel Decl. ¶ 12; Delgado Decl. ¶¶ 3-4, 10-11.

Because Mr. Friel lacks standing, the Court should dismiss his claims.

**B.    The Court lacks personal jurisdiction over Mr. Friel's claims.**

The Court also lacks personal jurisdiction over Mr. Friel's claims because he cannot show that American General or its independent producer made any telemarketing calls to him in this District.

"It is true that that in TCPA cases, 'courts generally find that *specific* personal jurisdiction exists when a defendant sends a message into the forum state by targeting a phone number in that forum.'" *Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-CV-00437, 2020 WL 14028040, at *5 (M.D. Pa. June 23, 2020), *report and recommendation adopted*, 2020 WL 14028041 (M.D. Pa. July 10, 2020). "This case, however," like *Kline*, "does not involve a defendant who directly initiated a

call to a plaintiff in violation of the TCPA[.]" *See id.* In *Kline*, as here, the defendants submitted an affidavit swearing that "neither AIU nor anyone acting on its behalf ever made or directed anyone to make a telephone sales call to plaintiff at any time." *See Kline*, 2019 WL 13551036, at *4. Given the lack of contrary evidence, "the Court [found] no basis of exercising personal jurisdiction over Defendants." *See id.* at *5. While the plaintiff was permitted leave to amend, the Court again concluded that personal jurisdiction was lacking because the case did not "involve a defendant who directly initiated a call to a plaintiff in violation of the TCPA," so the plaintiff's allegations could not show the defendant "purposefully directed her conduct" to the plaintiff. *See Kline*, 2020 WL 14028040, at *5.

Here too, American General has sworn that it "did not call Plaintiff Joseph Friel, nor did it engage or authorize any third party to make telemarketing calls on its behalf to Plaintiff Joseph Friel without his prior express consent." Speigel Decl. ¶ 12. Ms. Delgado likewise confirmed she did not "send any telemarketing calls to Mr. Friel," "engage or authorize any third party to make telemarketing calls on its behalf to Mr. Friel," or "authorize any third party to transfer any call from Mr. Friel to Western Marketing." Delgado Decl. ¶¶ 10-11. Because American General did not make any calls to Mr. Friel in this District, the Court lacks personal jurisdiction over American General relating to Mr. Friel's claims.[6]

---

[6] For the same reasons, the Court lacks personal jurisdiction over Corebridge.

13

## VI.    CONCLUSION

For these reasons, American General respectfully requests that the Court grant its Jurisdictional Motion and dismiss Plaintiff's claims for lack of Article III standing or alternatively for lack of personal jurisdiction.

DATE: January 16, 2026                    Respectfully submitted,

By: /s/ *William B. Thomas*
Jason A. Richardson (330118)
William B. Thomas*
Texas State Bar No. 24083965
David L. Villarreal
Texas Bar No. 24095434*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
jason.richardson@mhllp.com
william.thomas@mhllp.com
david.villarreal@mhllp.com

* Admitted Pro Hac Vice

ATTORNEYS FOR AMERICAN GENERAL
LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 16th day of January, 2026 via CM/ECF on all counsel of record.

/s/*David L. Villarreal*
David L. Villarreal