# EXHIBIT 6

Case 3:25-cv-01132-JKM    Document 19-8    Filed 01/16/26    Page 2 of 6

Kline v. Advanced Ins. Underwriters, LLP, Not Reported in Fed. Supp. (2019)
2019 WL 13551036

2019 WL 13551036
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Robert D. KLINE, Plaintiff,
v.
ADVANCED INS. UNDERWRITERS, LLP, Jason Wyman, and Marilyn E. Morillo, Defendants.

CIVIL ACTION NO. 1:19-CV-00437
|
Signed December 6, 2019

**Attorneys and Law Firms**

Robert D. Kline, McClure, PA, Pro Se.

Leonard Fornella, Babst, Calland, Clements & Zomnir, P.C., Pittsburgh, PA, Timothy Allan Schoonover, Babst, Calland, Clements & Zomnir, P.C., State College, PA, for Defendants.

**REPORT AND RECOMMENDATION**

KAROLINE MEHALCHICK, United States Magistrate Judge

*1  In February 2019, plaintiff Robert D. Kline filed a *pro se* complaint in the Mifflin County Court of Common Pleas asserting claims against Advanced Insurance Underwriters, LLP ("AIU"), Jason Wyman, and Marilyn Morillo (collectively, "Defendants") for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and related causes of action. (Doc. 1-2). After removing the case to federal court, Defendants filed a motion seeking dismissal of the complaint and, alternatively, for either an order directing Kline to provide more specific pleadings or an order transferring the action to the Southern District of Florida. (Doc. 1) (Doc. 2). In response, Kline filed an amended complaint, and Defendant again moved to dismiss, for a transfer of venue, or for more specific pleadings. (Doc. 5) (Doc. 6). As both parties briefed Defendants' motion to dismiss the amended complaint, the motion is now ripe for decision. (Doc. 7) (Doc. 8).

Because Kline has filed an amended complaint, it is recommended that Defendant's motion to dismiss the *original* complaint (Doc. 2) be **DENIED** as moot. For the following reasons, it is recommended that Defendants' motion to dismiss the amended complaint (Doc. 6) be **GRANTED** for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) but that Kline be given leave to file a second amended complaint.

**I. Background**

In his amended complaint, Kline alleges that in April or May 2017, he received the first of several calls made using an automatic telephone dialing system ("ATDS"). When Kline answered the calls—all of which originated from area code 570—he heard " 'dead air' silence for a few seconds after which he heard an electronic 'blip' before a live agent began speaking about health insurance." (Doc. 5, at 10, ¶ 18). The callers identified themselves as agents of the Health Registration Center (the "Center"). (Doc. 5, at 9, ¶ 16). Because Kline receives Medicare benefits, he told the callers that he did not need additional health insurance and asked that they no longer call his cell phone, which also bears a 570 area code. (Doc. 5, at 9–10, ¶¶ 16, 19).

Kline continued to receive calls from the Center, but due to poor cell phone reception, he was unable to "complete an in depth trace as to where the Center was located and who might be the second level marketing entity, which is normally a insurance agent with in-depth knowledge of insurance for a registered insurance agency such as Defendants." (Doc. 5, at 11, ¶ 20). Moreover, the Center's calls originated from "spoof" numbers; when Kline called the numbers back, he was unable to reach anyone. (Doc. 5, at 11, ¶ 22). On the numerous occasions that Kline requested the Center's do-not-call policy, the callers "had no idea what [the policy] was." (Doc. 5, at 11, ¶ 21).

Finally, on June 6, 2017, at 4:10 p.m., Kline received an ATDS call from "spoof" number 570-981-0348 during which his cell phone reception was strong enough to enable him to obtain some information about the Center. (Doc. 5, at 12, ¶ 23). The agent-caller, who had identified herself as Erica from the Center, transferred the call to defendant Marylin Morello, who indicated she could sell Kline insurance. (Doc. 5, at 12, ¶ 23). Following Kline's conversation with Morello, he discovered, through his own research, that Morello "was part of the organization with the other Defendants in this lawsuit." (Doc. 5, at 12, ¶ 24).

*2  Based on these allegations, Kline asserts eight causes of action under the TCPA, alleging that Defendants—

Case 3:25-cv-01132-JKM   Document 19-8   Filed 01/16/26   Page 3 of 6
Kline v. Advanced Ins. Underwriters, LLP, Not Reported in Fed. Supp. (2019)
2019 WL 13551036

negligently (counts one, three, five, and seven) and willfully or knowingly (counts two, four, six, and eight)—called Kline in violation of prohibitions against (1) using an ATDS to call a cellular telephone number, 47 U.S.C. § 227(b)(1)(A); (2) making or transmitting a telephone solicitation to a telephone number included in the national do-not-call registry, 47 U.S.C. § 227(c)(3)(F); (3) initiating calls without having instituted a written policy, available upon demand, for maintaining a do-not-call list, 47 C.F.R. § 64.1200(d)(1); and (4) failing to honor a residential telephone subscribers' requests not to call them, 47 C.F.R. § 64.1200(d)(3). Kline also asserts a ninth cause of action sounding in trespass to chattels.

Kline seeks $500 for every negligent violation of the above statutes and regulations and $1,500 for every knowing or willful violation of the same. (Doc. 5, at 15–18, ¶¶ 34–53). For his claims of trespasses to chattels, Kline seeks $1 for every sales call made to his cellular phone. (Doc. 5, at 19, ¶ 56). Though Kline does not allege the specific date and time of every call for which he seeks damages, he asserts that the exchange of discovery will reveal these details. (Doc. 5, at 19–20). Kline also seeks punitive damages in the amount of $100,000 to "deter others who may otherwise engage in similar willful illegal and deliberate tortuous [*sic*] conduct ...," prejudgment interest, and litigations costs. (Doc. 5, at 20).

**II. Discussion**

Defendants move to dismiss (1) Kline's complaint for lack of personal jurisdiction and improper venue; (2) counts two, four, six, and eight on the ground that no separate private cause of action can be based on willful or knowing violations, as opposed to negligent violations; and (3) counts five through nine for failure to state a claim upon which relief can be granted. (Doc. 6, at 3–5, ¶¶ 9–27). Alternatively, Defendants move for (1) a more definite statement under Rule 12(3); or (2) a transfer of venue to the United State District Court for the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Because the undersigned has concluded that Kline failed to demonstrate the Court has personal jurisdiction over Defendants, it reaches only that aspect of their motion by which they seek dismissal of the amended complaint based on Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

   A. Legal Standards

**1. The TCPA**

The Telephone Consumer Protection Act "was intended to combat, among other things, the proliferation of automated telemarketing calls (known as 'robocalls') to private residences, which Congress viewed as a nuisance and an invasion of privacy." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 322 (3d Cir. 2015). At issue here are subdivisions (b) and (c) of the Act. Subdivision (b) makes it unlawful to use an ATDS to call any cell phone number "other than a call made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The statute provides for a private right of action that permits "a 'person or entity' [ ] [to] bring an action to enjoin violations of the statute and recover actual damages or $500 in statutory damages per violation." *Leyse*, 804 F.3d at 322 (quoting 47 U.S.C. § 227(b)(3)(A)–(B)). Willful or knowing violations may give rise to treble damages, "increas[ing] the amount of the award to an amount equal to not more than 3 times the amount available" for actual or statutory damages. (47 U.S.C. § 227(b)(3)).

Subdivision (c) of the Act directs the Federal Communications Commission ("FCC") to prescribe regulations pursuant to which the FCC implemented a national do-not-call registry and set forth a requirement that telemarketers institute procedures for maintaining lists of individuals who request not to receive calls. 47 U.S.C. § 227(c); *see* 47 C.F.R. § 64.1200(c)–(d).[1] These regulations make it unlawful to initiate a telephone solicitation to a residential telephone subscriber "who has registered his or her telephone number on the national do-not-call registry," or when the person or entity making the call failed to institute procedures for maintaining a do-not-call list. 47 C.F.R. § 64.1200(c)(2), (d). A "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of these regulations may bring an action to enjoin such violation and recover the greater of actual loss or $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5)(A)–(B). Subsection (c) also authorizes treble damages for willful or knowing violations of the regulations. 47 U.S.C. § 227(c)(5).

**2. Personal Jurisdiction**

 *3 Rule 12(b)(2) authorizes a defendant to move to dismiss a complaint for lack of personal jurisdiction. Generally, courts

Case 3:25-cv-01132-JKM   Document 19-8   Filed 01/16/26   Page 4 of 6

Kline v. Advanced Ins. Underwriters, LLP, Not Reported in Fed. Supp. (2019)
2019 WL 13551036

"reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). If, however, the plaintiff's "allegations are contradicted by an opposing affidavit," the plaintiff "must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 381–382 (M.D. Pa. 2009). Under long-standing Third Circuit precedent, "at no point may a plaintiff rely on the bare pleadings alone in order to withstand" such a motion. *Patterson v. FBI*, 893 F.2d 595, 603–604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984)) (internal quotation marks omitted). As such, "[g]eneral averments in an unverified complaint or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts." *Harris v. Trans Union, LLC*, 197 F. Supp. 2d 200, 203 (E.D. Pa. 2002) (quoting *Time Share Vacation Club*, 735 F.2d at 66, n.9) (internal quotation marks omitted). "Once [a] [Rule 12(b)(2)] motion is made, [the] plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 603.

Generally, a district court exercises personal jurisdiction "to the extent allowed under the law of the forum state." *Allaham v. Naddaf*, 635 F. App'x 32, 37 (3d Cir. 2015) (internal quotation marks omitted) (citing Fed. R. Civ. P. 4(k)(1)(A) (providing for "personal jurisdiction over a defendant ... who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located")). Because the Pennsylvania long-arm statute "allows the exercise of personal jurisdiction to the full extent permitted by the Constitution," the standard for a federal court sitting in diversity in Pennsylvania is whether a defendant has "minimum contacts" with it such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *see* 42 Pa.C.S.A. § 5322. "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil v. Texaco, Inc.*, 537 F.3d at 290, 299–300 (3d Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As such, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant[s], the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

There are two types of personal jurisdiction over non-resident defendants: general and specific. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction may be asserted when a non-resident defendant has maintained "systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State."). When subject to the general jurisdiction of a state, "that [defendant] can be called to answer any claim against [it], regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

**\*4** On the other hand, "[s]pecific jurisdiction exists when the claim arises from or relates to [a defendant's] conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414–415 n.9). To determine whether specific jurisdiction over a defendant exists, courts must engage in a three-part inquiry. *O'Connor*, 496 F.3d at 317. First, a court must consider whether a defendant "purposefully directed [its] activities" at the forum state. *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472). Second, "the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros*, 466 U.S. at 414). Third, if the prior requirements are met, the court "may consider additional factors to ensure that exercising jurisdiction would be consistent with notions of 'fair play and substantial justice.' " *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 476).

B. Analysis

Here, Defendants have challenged the Court's exercise of personal jurisdiction by way of Jason Wyman's affidavit, which directly refutes Kline's central claim that Defendants, through the Center, called Kline in violation of the TCPA. In his affidavit, Wyman states that he and defendant Morello reside in Florida and that AIU is a limited liability company with a principal place of business located in Hollywood, Florida. (Doc. 4, at 1, ¶¶ 2–4). He also indicates that he is a "member" of AIU and that Morello was employed by AIU as a commercial lines manager from about 2013 to 2016. (Doc.

4, at 1, ¶¶ 1, 3). Wyman goes on to aver, in relevant part, that none of AIU's officers, directors, or employees ever resided in Pennsylvania, AIU's Board of Directors and shareholders have never conducted meetings in Pennsylvania, AIU has no appointed agent for service of process in Pennsylvania, AIU has never conducted any business in Pennsylvania nor directed any advertising in publications directed primarily at Pennsylvania, neither AIU nor anyone acting on its behalf ever directed any telephone calls into Pennsylvania for the purpose of soliciting insurance business or contracted with a telephone marketing company to make unsolicited sales calls into Pennsylvania, and neither AIU nor anyone acting on its behalf ever made or directed anyone to make a telephone sales call to plaintiff at any time. (Doc. 4, at 2–3, ¶¶ 5–18).

In response, Kline relies solely on the pleadings in his unverified amended complaint. He has therefore failed to meet his burden of establishing personal jurisdiction over Defendants. The requirement that the Court accept as "true all of the allegations in the complaint" no longer applies when "those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). Because Kline has provided no sworn allegations, in a verified complaint or otherwise, creating factual disputes that can be resolved in his favor or from which reasonable inferences may be drawn, the Court lacks any basis upon which to find personal jurisdiction here. *Cf. Time Share Vacation Club*, 735 F.2d at 66 n.9 ("A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies.").

Notably, though Kline verified his *original* complaint (Doc. 1-2, at 12)—and even if the Court were to construe it as an affidavit based on such verification—the allegations in that first-filed complaint are not the same as those presently alleged. Most significantly, the sole call during which Kline spoke with any of the Defendants took place in 2016, according to the first complaint (Doc. 1-2, at 7, ¶ 25), and in 2017, according to the amended complaint.

### III. Conclusion

 **\*5**  On the record before it, the Court finds no basis for exercising personal jurisdiction over Defendants. Because the Court recommends a determination that it lacks personal jurisdiction, it does not reach Defendants' alternative requests for relief. While the Court recommends granting Kline leave to file a second amended complaint, it does so out of an abundance of caution for safeguarding his rights as a *pro se* litigant—albeit an attorney *pro se* litigant—and not based on the possible merits of his claims concerning personal jurisdiction or liability under the TCPA. Indeed, the allegations as pleaded appear to fall short of establishing a claim against Wyman in his capacity as an officer of AIU. *See, e.g., KHS Corp. v. Singer Fin. Corp.*, 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) ("[A] corporate officer is not liable under the TCPA under common law personal liability principles.") (citing *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 160 (3d Cir. 2018) ("We doubt as well, however, whether such common-law personal-participation liability is available against corporate officers under the TCPA.")). Whether Kline has alleged facts establishing a prima facie case of agency between the Center and AIU is a question on which the Court does not now opine.

### IV. Recommendation

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss Kline's first complaint (Doc. 2) be **DENIED** as **MOOT;**

2. Defendants' motion to dismiss Kline's amended complaint (Doc. 6) be **GRANTED** for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); and

3. Kline be granted leave to file a second amended complaint **within thirty (30) days** of disposition of this Report and Recommendation.

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 6, 2019**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all

Case 3:25-cv-01132-JKM    Document 19-8    Filed 01/16/26    Page 6 of 6
Kline v. Advanced Ins. Underwriters, LLP, Not Reported in Fed. Supp. (2019)
2019 WL 13551036

parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 13551036

## Footnotes

1     The procedures instituted require that the person or entity maintain "a written policy, available upon demand, for maintaining a do not-call-list" and record a subscriber's do-not-call "request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made." 47 C.F.R. § 64.1200(d)(1), (3).

**End of Document**     © 2026 Thomson Reuters. No claim to original U.S. Government Works.